UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| ARNULFO TORRES PEREZ,<br><br>    Petitioner,<br><br>V.<br><br>J. RAY ORMOND, Warden,<br><br>    Respondent. | Civil Action No. 6: 17-72-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Arnulfo Torres Perez has filed an original and two amended petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1, 8-1, 12] This matter is before the Court to conduct an initial screening of Perez's second amended petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Perez's claims cannot be asserted in a petition under 28 U.S.C. § 2241 and they are substantively without merit, the Court will deny the petition.

**I**

In July 2011, Perez was indicted in Austin, Texas for his role in a large-scale drug trafficking ring operated by the Texas Mexican Mafia. The government filed a notice pursuant to 21 U.S.C. § 851 that Perez was subject to an enhanced sentence in light of a 1989 federal conviction for conspiracy to traffic in methamphetamine in violation of 21 U.S.C. § 846. As a result, Perez faced a mandatory minimum sentence of twenty years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

In September 2011, Perez pled guilty pursuant to a written plea agreement to conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846. As part of the plea agreement,

Perez expressly waived his right to appeal or collaterally attack his conviction or sentence on any ground. In December 2011, the trial court imposed a 240-month sentence. Perez did not appeal, and the trial court denied his initial motion filed pursuant to 28 U.S.C. § 2255. *United States v. Perez*, No. 1: 11-CR-360-SS-10 (E.D. Tex. 2011).

In his petition, Perez argues that the enhancement of his federal sentence pursuant to 21 U.S.C. § 841(b)(1)(A) violates his due process and equal protection rights because his prior convictions were not evaluated as possible predicate offenses using the same "categorical approach" described in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), which is applied to evaluate prior convictions for possible sentence enhancements imposed pursuant to 18 U.S.C. § 924(e)(1).

## II

As a threshold matter, in his plea agreement Perez expressly and unequivocally waived his right to appeal or collaterally attack his conviction or sentence. Perez is therefore barred from challenging his conviction or sentence in this proceeding because the waiver provision in his plea agreement applies to collateral attacks asserted under § 2241. *Muse v. Daniels*, 815 F. 3d 265, 266 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought

2

under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.").

Perez is therefore barred from challenging his conviction or sentence in this proceeding, and his petition must be denied. *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001). See also *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011).

Even if this were not so, Perez's claims are not of the kind which may be pursued under § 2241. A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was

denied relief.  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

To properly invoke the savings clause, the petitioner must be asserting a claim that she is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which she was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Perez's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. Perez asserts that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) is unconstitutional because it was not the product of the categorical approach applicable to enhancements under 18 U.S.C. § 924(e)(1). First, this is not a claim based upon statutory interpretation but a constitutional claim, and hence falls outside the purview of § 2241. Second, it is not a claim based upon *Mathis* at all; rather, it is predicated upon the categorical approach, a doctrine established more than a decade before Perez's sentence was imposed. See *Taylor v. United States*, 495 U.S. 575, 600-601 (1990); *Shepard v. United*

4

*States*, 544 U.S. 13, 26 (2005). It is therefore a claim he could and must have asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. For these reasons, his claims may not be pursued under 28 U.S.C. § 2241.

Perez also challenges not his convictions, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Perez's claim fails to satisfy at least the first and third requirements. Perez was sentenced in 2011, long after *Booker* was decided, under a discretionary guidelines regime. And as noted above, Perez's claims are not based upon any recent Supreme Court decision, but instead challenge the limited applicability of the categorical approach on constitutional grounds, a situation in effect for decades before his sentence was imposed. Perez's challenge to his sentence therefore falls well outside the limited exception articulated in *Hill*, and must be denied.

Finally, Perez's claim is wholly without merit. Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a

5

complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. Cf. *United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016). When making that assessment, the categorical approach guides the district court when comparing each of the numerous elements which collectively constitute the underlying offense against the elements of its generic counterpart. See, e.g., *Taylor*, 495 U.S. at 591.

But Perez's sentence was not enhanced under this statute. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed numerous "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis described in *Taylor* and *Mathis* is simply not relevant to Perez's circumstances. For each of these reasons, Perez's petition fails to establish any basis for habeas relief. Cf. *United States v. Smith*, No. 1:12-CR-88-

1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

Accordingly, it is **ORDERED** as follows:

1. Perez's original and amended petitions for a writ of habeas corpus [R. 1, 8-1, 12] are **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated September 15, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY